UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:16-cv-24556-KMW

FLORENCIO ALVARENGA BARAHONA
and all others similarly situated under 29
U.S.C. 216(b),

    Plaintiff,

v.

NORTH BEACH TAVERN LLC d/b/a
NORMAN'S TAVERN, LARA YAGIRO,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TOP PLAINTIFF'S COMPLAINT

Defendants, NORTH BEACH TAVERN LLC and LARA YAGIRO, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint [DE #1], as follows:

    1.    Admitted that this is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

    2.    Defendants are without independent knowledge of the allegation concerning Plaintiff's residence, but presume it to be true for venue and jurisdictional purposes only. All other allegations are denied.

    3.    Admitted.

    4.    Admitted.

    5.    Denied that any acts or omissions giving rise to the alleged dispute took place.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. Admitted that this action arises under the laws of the United States. All other allegations are denied.

7. Admitted.

8. This paragraph does not contain a factual allegation requiring a response. The referenced statute speaks for itself and is the best evidence of its content.

9. Admitted that Plaintiff worked for the entity Defendant as a dishwasher. Denied that Plaintiff worked for the entity Defendant from June 1, 2015 through October 13, 2016.

10. Denied that Plaintiff's work for the entity Defendant as a dishwasher affected interstate.

11. Admitted.

12. Admitted only as to 2015. 2014 is outside the relevant time period of Plaintiff's employment as alleged in the Complaint.

13. Admitted.

14. Denied.

15. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred to the extent that he did not actually work more than forty (40) hours in any workweek.

### Second Affirmative Defense

Plaintiff's damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Third Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

### Fourth Affirmative Defense

To the extent the corporate Defendant is found not to be liable, LARA YAGIRO is also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claim against the corporate Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### Fifth Affirmative Defense

Assuming, *arguendo*, that Plaintiff is deemed to be entitled to overtime compensation, he would be entitled to only half his regular rate for all hours worked over forty during any workweek, because he was paid his regular rate for all hours worked, including any hours worked over forty during any workweek.

### Sixth Affirmative Defense

Plaintiff's damages are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

## RESERVATION OF AFFIRMATIVE DEFENSES

Defendant reserves the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, requests judgment in their favor in its entirety and that the Defendants be awarded costs, including reasonable attorneys' fees.

## JURY DEMAND

Defendant hereby requests trial by jury on all issues so triable.

Respectfully submitted, this 10th day of January, 2017.

>LUBELL & ROSEN, LLC
>*Attorneys for Defendants*
>200 S. Andrews Ave, Suite 900
>Ft. Lauderdale, Florida 33301
>Phone: (954) 880-9500
>Fax: (954) 755-2993
>E-mail: adi@lubellrosen.com
>
>By: *s/Adi Amit*
>Adi Amit, Esquire
>Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2017, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>/s/ *Adi Amit*
>Adi Amit

## SERVICE LIST

*Florencio Alvarenga Barahona v. North Beach Tavern LLC, etc., et al.*
S.D. Fla. Case No. 1:16-cv-24556-KMW

Joshua H. Sheskin, Esq.
Jamie H. Zidell, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
jsheskin.jhzidellpa@gmail.com
ZABOGADO@AOL.COM
*Counsel for Plaintiff*

Adi Amit, Esquire
LUBELL & ROSEN, LLC
200 S. Andrews Ave.
Suite 900
Fort Lauderdale, Florida 33301
adi@lubellrosen.com
*Counsel for Defendants*